### POWELL & HOPKINS *v.* MATILDA HOPSON & HUSBAND.

When it is apparent that a party intended to offer in evidence a paper, or document, but failed to do so through inadvertence, or mistake, and the document is copied in the transcript of the record, the Supreme Court will consider and give effect to the evidence, as if it had been formally introduced, if it is admissible.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *McFee & Mathews*, for plaintiffs. *McGuire & Ray*, for defendants and appellants.

LAND, J. This suit was commenced on an account-current in favor of plaintiffs as cotton factors, kept in the name of the husband, against the wife, for the amount of $3,440 02 cents, on the allegations that the account had been contracted by the husband as agent of his wife, who had been separated in property from him by a judgment, and that the items of the account had enured to her separate benefit and the improvement of her separate estate; and that the husband, without any property or assets in his own name, had managed and controlled the plantation and slaves of his wife, during the period covered by the account, as her general agent.

There was judgment against the wife for $2,858 61, with five per cent. interest on the same, and she has appealed.

This case was formerly before this court, on the appeal of the wife, and was remanded for a new trial, because of the insufficiency of the evidence to establish her liability.

On the new trial, the plaintiffs' counsel filed an affidavit for a continuance, as follows:

" The plaintiffs in this case move the court for a continuance, on the following grounds, to-wit: the mandate of the Supreme Court rendered in this case, at its last term, ordered a new trial for the purpose of allowing plaintiffs to produce the invoices and items thereof as charged in the account sued on. That since said mandate was filed and ordered to be made executory, and at this term of the court, plaintiffs have filed an amended petition, with the invoices called for, so far as they can at this time produce them. That all the items of the invoices, as charged in the account, are produced, except the invoice of April 4th, 1854, of $200 77, the items of which are not now produced in consequence of the absence of the parties who furnished said invoices to plaintiffs for defendant,—being absent from the city of New Orleans during the late epidemic of yellow fever. That plaintiffs expect to produce, by the next term of the court, the items of said invoice, and the full proof of all the invoices; that the items thereof enured to the benefit of *Matilda Hopson* and her separate estate; and expect to prove by *G. F. Girault*. and *S. H. Gardiner*, and other competent witnesses in New Orleans, that

<div style="text-align: right"></div>

all of said invoices and items were furnished defendant, and were for her benefit, &c."

The defendant admitted, that if the witnesses named were present, they would swear to the facts stated in the affidavit, and thereupon the parties proceeded to trial. The plaintiff's counsel omitted to offer in evidence, and to have the same filed and marked as testimony in the case, the *admission* and *affidavit*, and the defendants' counsel contends that they cannot be considered as evidence before this court, although they form a part of the record before us.

When it is apparent, a party intended to offer in evidence a paper or document (as it is in this case), but did not do so, through inadvertence or mistake, and the document is copied in the transcript, the court will consider and give effect to the evidence, as if formally introduced in the court below, if it do not appear, nor is shown to be inadmissible.

Considering the facts stated in the affidavit to be true, or proved by witnesses, the judgment of the lower court is sufficiently sustained by the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.